## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHAUNSEY R. COBB,

      Petitioner,

v.                                  CASE NO. 8:06-CV-628-T-30TGW

WALTER A. MCNEIL,

      Respondent.

_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1).   Respondent has filed a response to the petition (Dkt. 8), and Petitioner has filed a reply thereto (Dkt. 13).   The matter is now before the Court for consideration on the merits.

### Background

Petitioner was charged by Information on December 10, 1999, with a lewd and lascivious act (sexual activity) (Dkt. 10, Ex. 1, Vol. I at 11-14).   Petitioner entered a plea of no contest to lewd activity with a minor, and the trial court adjudicated Petitioner guilty, and on June 8, 2000, sentenced Petitioner to two years community service followed by six years probation (Id. at 15-22).   On May 13, 2003, the trial court revoked Petitioner's probation, and sentenced Petitioner to fifteen (15) years in prison (Id. at 27-33).

Petitioner appealed the revocation of probation, and on February 11, 2004, the appellate court affirmed per curiam (Dkt. 10, Ex. 5); *see Cobb v. State*, 2004 Fla. App. LEXIS 1528 (Fla. 2nd DCA February 11, 2004).

On May 13, 2004, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 in which he raised four claims (Dkt. 10, Ex. 1, Vol. I at 34-63). On September 30, 2004, the state trial court ordered the State to respond to Petitioner's Ground One, and summarily denied Petitioner's Grounds Two, Three, and Four (Id. at 64-71). In response to the trial court's order, the State conceded that an evidentiary hearing was necessary to resolve Ground One (Id. at 137). An evidentiary hearing was held on April 29, 2005 (Dkt. 10, Ex. 1, Vol. II at 318-344). On May 31, 2005, the trial court denied Ground One of Petitioner's motion for post-conviction relief (Id. at 211-307).

Petitioner appealed the denial of his 3.850 motion, and on February 24, 2006, the appellate court per curiam affirmed (Dkt. 10, Ex. 9); *see Cobb v. State*, 923 So. 2d 499 (Fla. 2nd DCA 2006)[table]. The appellate court mandate issued March 17, 2006 (Dkt. 8 at 11).

On June 17, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida (Dkt. 10, Ex. 10). On September 12, 2005, the court denied Petitioner's Petition for Writ of Habeas Corpus (Dkt. 10, Ex. 11). Petitioner appealed, and the appellate court per curiam affirmed (Dkt. 10, Ex. 12); *see Cobb v. State*, 925 So. 2d 319 (Fla. 2nd DCA 2006)[table]. The appellate court mandate issued April 12, 2006 (Dkt. 8 at 11).

Petitioner filed a timely petition for federal habeas relief on April 7, 2006 (Dkt. 1).[1]

Petitioner raises five claims for relief:

1.    Petitioner's attorney rendered ineffective assistance for failing to fully answer Petitioner's questions regarding the scope of the State's plea offer, causing Petitioner to reject the plea offer and prejudicing him because he received a greater sentence after the violation of probation hearing;

2.    Petitioner's attorney rendered ineffective assistance when he confused the trial court as to which condition of probation Petitioner agreed to admit to have violated, and thereby frustrated the trial court and caused the trial court to abandon the plea process and order a full violation of probation hearing which resulted in a sentence greater than the State's plea offer;

3.    Petitioner's attorney rendered ineffective assistance for failing to object to a presumptively vindictive sentence;

4.    Petitioner's attorney rendered ineffective assistance for failing to object to the trial court acting as prosecutor during the violation of probation hearing when the trial court asked witnesses questions regarding elements of the crime which the State failed to prove; and

5.    Petitioner's detention is illegal because the Affidavit of Violation of Probation was not notarized by a person authorized to administer oaths.

In response, Respondent asserts that Petitioner fails to meet the threshold requirements for relief under § 2254(d) and (e).[2] Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth *infra*, the Court agrees that Petitioner is not entitled to habeas relief.

---

[1]Although the Court received Petitioner's petition on April 10, 2006, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Petitioner executed his petition on April 7, 2006 (Dkt. 1 at 37).

[2]In their response, Respondents respond only to Grounds One and Two of Petitioner's petition (Dkt. 8).

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims.  *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented  in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs*., 278 F.3d 1245, 1255  (11th Cir. 2002). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite

4

[Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer,* 537 U.S. 3, 7-8 (2002)). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Standard for Ineffective Assistance of Counsel Claims

Petitioner raises allegations of ineffective assistance of trial counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

5

*Strickland*, 466 U.S. at 694. Petitioner must prove both prongs of *Strickland*. Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,….that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

### Evidentiary Hearing

To be entitled to an evidentiary hearing on habeas claims, the petitioner must "allege[] facts that, if proved at the hearing, would entitle petitioner to relief." *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002) (citation omitted). For reasons discussed below, an evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a). *See Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

### Discussion

Since Petitioner's convictions were entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims. *See Mobley v. Head*, 267 F.3d

1312, 1316 (11th Cir. 2001).

**Ground One**

In Ground One of his petition, Petitioner asserts that his attorney informed him that the State offered him five years in prison in exchange for a guilty plea. Petitioner then states that he asked his attorney: 1) if he could go home for thirty days to get his affairs in order; 2) if he would receive credit for the twenty-three months he spent on community control; 3) if the offer was for each count or just one count; and 4) "what he scored out to."  Petitioner claims his attorney responded by telling him that he would ask about whether Petitioner could go home for thirty days, and that he did not know if Petitioner would get credit for the time he spent on community control.  Petitioner also states that his attorney did not respond to his last two questions.

Petitioner argues that because his attorney did not fully answer all of his questions, he did not accept the State's plea offer.  He asserts that had his attorney fully answered his questions, he would have accepted the State's plea offer of five years in prison instead of proceeding to a hearing on the revocation of probation which resulted in Petitioner being sentenced to fifteen years in prison.

Petitioner raised this claim in state court in his Rule 3.850 post-conviction motion (Dkt. 10, Ex. 1, Vol. I at 41-42).  Following an evidentiary hearing on the claim, the state court denied the claim as follows:

> In ground 1, Defendant claims ineffective assistance of counsel. When ineffective assistance is alleged, the burden is on the person seeking collateral relief to specifically allege the grounds for relief and to establish whether the

grounds resulted in prejudice. Effective assistance of counsel does not mean that a defendant must be afforded errorless counsel or that future developments in law must be anticipated. <u>Meeks v. State</u>, 382 So. 2d 673 (Fla. 1980). In <u>Strickland v. Washington</u>, 466 U.S.668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the U.S. Supreme Court provided the following standard for determining ineffective assistance of counsel:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable . . . [T]he proper standard for attorney performance is of reasonably effective assistance.

466 U.S. at 686-687. In <u>Downs v. State</u>, 453 So. 2d 1102 (Fla. 1984), the Florida Supreme Court stated that the defendant must affirmatively prove prejudice. The test for prejudice is:

> [T]hat there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, 466 U.S. at 694.

In ground 1, Defendant claims ineffective assistance of counsel due to counsel's misadvice regarding the amount of credit Defendant would receive for time spent on community control and the scope of the plea offer, causing Defendant to reject the plea offer and prejudicing Defendant because he received a greater sentence after the violation of probation hearing. Specifically, Defendant claims that on April 29, 2003, his counsel told him that the State offered five (5) years Florida State Prison if he pled guilty. Defendant

claims he asked his counsel if said offer included credit for twenty-three (23) months he had spent on community control and counsel did not know if Defendant could get credit for time spent on community control. Defendant further claims counsel should have known that Defendant could not get credit for time spent on community control.

At the evidentiary hearing, when asked if he explained to his counsel Mr. Everett George what he wanted to do with respect to the violation hearing, Defendant responded:

> That I wanted to know that the credit time for the community service house arrest I did would I get credit for that and he explained to me that he didn't know right then and that he was going to look into that and that was the five years offer was still on the table and if it was I would get it.

(See April 29,2005 Transcript, page 5, attached). When asked why he asked whether he would get credit for time served on community control, he responded, "Because I figured if I was going to get five years all four of the counts of violation I was on I was wanting can I get the credit for the 23 months I did on house arrest." (See April 29, 2005 Transcript, page 6, attached). However, Defendant testified that Mr. George never answered his question. (See April 29, 2005 Transcript, page 6, attached).

At the hearing, Mr. George testified that he did discuss community control with Defendant. (See April 29, 2005 Transcript, page 14, attached). However, when asked if he discussed with Defendant whether he would get credit for his community control towards any offer made by the State of Florida, Mr. George responded, "I do not recall that question coming up as to whether he would get credit for his community control." (See April 29,2005 Transcript, page 15, attached). However, he did testify that he was aware at the time that he represented Defendant that he would not get credit for any time he served on community control. (See April 29,2005 Transcript, page 15, attached). Consequently, he testified that if said questions had been posed to him, his answer to Defendant would have been that he would not get credit for his community control. (See April29, 2005 Transcript, page 15, attached).

After reviewing this portion of ground 1, the testimony, evidence, and argument presented on April 29, 2005, the court file, and the record, the Court finds the testimony of Mr. George to be more credible than Defendant's testimony. Therefore, the Court finds that Mr. George never advised Defendant

that he did not know if Defendant would get credit for time spent on community control. Consequently, Defendant has failed to meet the first prong of <u>Strickland</u> in that he has failed to prove how counsel acted deficiently when Mr. George did not advise Defendant that he did not know if Defendant would get credit for time spent on community control. Since Defendant has failed to meet the first prong of <u>Strickland</u>, it is unnecessary to address the prejudice component. <u>See</u> <u>Downs v.</u>
<u>State</u>, 740 So. 2d 506, 5 18 n. 19 (Fla. 1999). As such, no relief is warranted upon this portion of ground 1.

Defendant further claims that he asked his counsel if the five (5) year offer was for each count or just for one count, and his counsel failed to inform him of the specific terms of the offer, including that the five (5) years was within the guidelines, and that the agreement covered all the violations. At the evidentiary hearing, Defendant stated that he spoke to Mr. George about whether the five year offer covered all the charges, and when asked what Mr. George advised him, Defendant responded:

> Mainly I told him I didn't understand the plea, I didn't understand the plea and he admitted that I didn't understand that I didn't know what the five year plea was just for the one violation or of all of the violations all four of the violations I was pleading to.

(<u>See</u> April 29,2005 Transcript, page 7, attached). However, he testified that he was not concerned that he could get more than five years if he entered the plea. (<u>See</u> April 29, 2005 Transcript, page 7, attached). Moreover, he testified that he figured he was going to get five years on all four counts of the violation. (<u>See</u> April 29, 2005 Transcript, page 6, attached). He further admitted that at one time there was a five year offer on the table if Defendant admitted to the violation of probation and admitted that he would admit to being out of county, but was denying that he was guilty of the grand theft auto. (<u>See</u> April 29, 2005 Transcript, pages 7 - 8, attached).

Mr. George testified that he advised Defendant that 85.5 months was the bottom of the guidelines, and he discussed with Defendant the State's five year offer, but Defendant rejected it because he was interested in being reinstated on supervision. (<u>See</u> April 29, 2005 Transcript, pages 14 - 17, attached). However, he testified that he attempted to get the five year offer back, but the State advised him that it was off the table. (<u>See</u> April 29,2005 Transcript, pages 16 - 17, and 20-21, attached). He further testified that he had

advised Defendant that the sixty months i.e. five years was for everything. (See April 29, 2005 Transcript, page 17, attached).

On cross-examination, he testified that when he could not get the five year offer back, his recommendation was that Defendant enter an open plea rather than go to a hearing. (See April 29, 2005 Transcript, page 22, attached). He further testified that on the day of the hearing, the five year offer was off the table. (See April 29, 2005 Transcript, page 22, attached).

After reviewing this portion of ground 1, the testimony, evidence, and argument presented on April 29, 2005, the court file, and the record, the Court finds the testimony of Mr. George to be more credible than Defendant's testimony. Therefore, the Court finds that Mr. George accurately advised Defendant that the five year offer was for everything. The Court further finds that Mr. George advised Defendant that the bottom of the guidelines was 85.5 months prison. Consequently, the Court finds that Defendant has failed to meet the first prong of Strickland in that he has failed to prove counsel acted deficiently when Mr. George advised Defendant that the five year offer was for everything and the bottom of the guidelines was 85.5 months prison, thereby making the five year offer a below guidelines offer. Since Defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component. Downs v. State, 740 So. 2d 506, 518 n. 19 (Fla. 1999). As such, no relief is warranted upon this portion of ground 1.

(Dkt. 10, Ex. 1, Vol. II at 211-15). The state court correctly recognized that *Strickland* governs Petitioner's ineffective assistance of counsel claim. Consequently, Petitioner cannot meet the "contrary to" test in Section 2254(d)(1). Petitioner instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts.

Petitioner presents no evidence to show that he is entitled to relief. *See Hill v. Lockhart*, 474 U.S. 52 (conclusory allegations presented in support of an ineffective assistance of counsel claim are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim). The record supports the

11

state court's denial of this claim. Petitioner's attorney testified that he was aware that Petitioner would not receive any credit towards his sentence for the time spent on community control, and if Petitioner had asked him whether he would receive credit for his time on community control, he would have told him no (Dkt. 10, Ex. 1, Vol. II at 332).  Petitioner's attorney also testified that he told Petitioner that the State's five year offer was for "everything" (Id. at 334), and Petitioner testified that he was not concerned that he would receive more than five years in prison if he accepted the State's offer (Id. at 324).  Finally, Petitioner also testified that two months before the court hearing, his attorney told him that he "scored out to 73 months" (Id. at 323), and Petitioner's attorney testified that he informed Petitioner that 85.5 months was the bottom of the guidelines (Id. at 331).

Having had the benefit of hearing testimony from trial counsel and Petitioner, the trial court found trial counsel's testimony more credible than Petitioner's testimony. Determinations of witness credibility are best made by the trial court judge, who can assess the demeanor and candor of the witnesses. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Baldwin v. Johnson*, 152 F.3d 1304, 1317 (11th Cir. 1998) (citing *Smith v. Kemp*, 715 F.2d 1459, 1465 (11th Cir.) ("Resolution of conflicts in evidence and credibility issues rests within the province of the state habeas court, provided petitioner has been afforded the opportunity to a full and fair hearing."), *cert. denied*, 464 U.S. 1003 (1983)); *Porter v. State*, 788 So.2d 917, 923 (Fla. 2001) (recognizing the trial court's "superior vantage point in assessing the credibility of witnesses and in making findings of fact"). Petitioner has not demonstrated that the trial court's adjudication of this claim was an unreasonable application

12

of controlling Supreme Court precedent or an unreasonable determination of the facts.[3]

**Ground Two**

In Ground Two, Petitioner claims his attorney was ineffective when he confused the trial judge as to the condition of probation that Petitioner had agreed to admit violating, and thereby frustrated the judge who then ordered a full violation of probation hearing which resulted in revocation of Petitioner's probation, and a fifteen year prison sentence. Petitioner asserts that had his attorney made it clear to the court that Petitioner was admitting to having violated condition three of his probation, leaving the county, the court would have accepted his plea, not held a full hearing, and given him a shorter prison sentence.

Petitioner raised this claim in state court in his Rule 3.850 post-conviction motion (Dkt. 10, Ex. 1, Vol. I at 43-47). The state court denied the claim as follows:

> In ground 2, Defendant claims ineffective assistance of counsel when counsel misled the Court and undermined Defendant's prearranged plea agreement regarding the violation Defendant agreed to plead to, thereby frustrating the Court and causing the Court to abandon the plea process and order a full violation hearing which resulted in a sentence three times greater than the State's offer. Specifically: Defendant claims that on May 13, 2003, Defendant's counsel failed to inform the Court of the previous days plea events or that Defendant now wanted the five year deal that counsel failed to properly explain to Defendant.

> Defendant further claims that counsel failed to properly inform the Court regarding the specific violation that Defendant was admitting, thereby causing the Court to become frustrated and order a full violation hearing.

---

[3]Petitioner also claims his attorney was ineffective for failing to answer his question of whether he would be allowed thirty days to get his affairs in order before going to prison. At the April 29, 2003 pre-trial, the court clearly informed Petitioner and his attorney that Petitioner was "not getting out of jail." (Dkt. 10, Ex. 1, Vol. I at 131). Accordingly, Petitioner cannot show his attorney's performance was deficient or that he was prejudiced by his attorney's failure to inform him whether he would be allowed thirty days to get his affairs in order.

Defendant claims his counsel totally misled the Court regarding what Defendant was pleading to.

Defendant further claims that counsel's ineffectiveness prejudice Defendant because the Court found Defendant guilty of the exact condition that Defendant wanted to admit to, and a fifteen (15) year prison sentence, which was three times more than the State's original five (5) year prison offer. Lastly, Defendant claims that had counsel simply advised the Court that Defendant wanted to admit to "being out of the county, a violation of condition 3". and then explain that his arrest was the factual basis and the proof, the Court would have accepted Defendant's admission and sentenced him to a much lower sentence most likely consisting of the five (5) year prison offer that Defendant was not properly advised of.

However, a review of the May 13, 2003 transcript reflects that the following transpired:

COURT: Mr. Cobb, your attorney indicates to me that you wish to admit violating your supervision specifically you violated condition number three in that on or about January the 17th of this year you moved from your approved residence and absconded; is that right?

DEFENDANT: No, I'm - -

(See May 13, 2003 Transcript, page 3, attached). Therefore, when the Court asked Defendant if he was admitting to violating condition three, Defendant responded, "No." (See May 13, 2003 Transcript, page 3, attached). Moreover, Defendant's counsel did advise the Court that Defendant was admitting to being out of the county. (See May 13, 2003 Transcript, page 4, attached). After reviewing ground 2, the court file, and the record, the Court finds that Defendant has failed to meet the first prong of Strickland in that he has failed to prove how counsel acted deficiently and frustrated the Court by failing to advise the Court that Defendant wanted to admit to being out of the county, a violation of condition three, when Defendant advised the Court that he was not admitting to violating condition three and his counsel did advise the Court that he was admitting to being out of the county. Since Defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component. See Downs v. State, 740 So. 2d 506, 5 18 n. 19 (Fla. 1999). As such, no relief is warranted upon ground 2.

14

(Dkt. 10, Ex. 1, Vol. I at 66-68).

The record supports the state court's denial of this claim.  When the court asked Petitioner whether he was admitting to violating condition three of his probation, Petitioner said "[n]o, I'm -" at which point Petitioner's attorney said "[w]e're admitting to the arrest." (Dkt. 10, Ex. 1, Vol. II at 234).  And, while Petitioner's attorney did state that Petitioner was admitting to being arrested, he also informed the court that Petitioner was admitting to "being out of the county." (Id. at 235).  Therefore,  Petitioner has not demonstrated that the trial court's adjudication of this claim was an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

Moreover, even if counsel's performance was deficient, Plaintiff fails to demonstrate prejudice.  Petitioner's claim that if his counsel had made it clear to the court that Petitioner was admitting to violating condition three of his probation, the court would not have held a hearing on the violation of probation and would have given Petitioner a shorter prison sentence is wholly speculative.  Petitioner presents no evidence to show that he would have received a shorter sentence had there been no hearing. *See Tejada*, 941 F.2d at 1559 (vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim).

**Ground Three**

In Ground Three, Petitioner claims his attorney was ineffective for failing to object to the court's "presumptively vindictive sentence."  Petitioner claims his attorney knew the sentence was vindictive because at the April 29, 2003 pretrial hearing, the court informed Petitioner that if he did not take the State's offer of five years imprisonment, there would be

no further negotiations, the matter would be set for a revocation of probation hearing, and

he was facing fifteen years in prison.

Petitioner raised this claim in his state post-conviction motion, and the state court

denied it as follows:

> In ground 3, Defendant claims ineffective assistance of counsel due to counsel's failure to object to a vindictive sentence, thereby failing to preserve the issue for appellate review. Specifically, Defendant claims that prior to the violation hearing, the offer was five (5) years prison. Defendant claims that the Court was frustrated with Defendant for not admitting to the violations and making the Court conduct a hearing. Consequently, Defendant claims the Court imposed a vindictive sentence when it sentenced Defendant to fifteen (15) years Florida State Prison.

> "According to Wilson v. State, 845 So. 2d 142 (Fla. 2003), in determining whether a presumption exists that an imposed sentence is the result of judicial vindictiveness, the totality of the circumstances must be considered." Id. at 156. The factors to be considered when assessing the totality of the circumstances are, but not limited to, the following:

>> (1) judicial participation in plea negotiations followed by a harsher sentence;

>> (2) whether the trial judge initiated the plea discussions with the defendant in violation of State v. Warner, 762 So. 2d 507 (Fla. 2000);

>> (3) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial;

>> (4) the disparity between the plea offer and the ultimate sentence imposed; and

> (5) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

Wilson, 845 So. 2d at 156.

> After reviewing ground 3, the court file, and the record, the Court finds that the five year prison offer was the State's offer, not the Court's offer. (See May 13, 2003 Transcript, page 15,attached). The Court further finds that there has been no violation of Warner.  (See May 13, 2003 Transcript, attached). Moreover, the Court finds that there is no indication that the judge departed from his role as an impartial arbiter. (See May 13,2003 Transcript, attached). The Court further finds that the judge imposed the fifteen year prison sentence based on the testimony he heard during the violation hearing, including Defendant's failure to admit that he should not have been out of the county and Defendant's failure to admit that he should not have been in a stolen car. (See May 13, 2003 Transcript, attached). Therefore, there is no basis for a presumption of vindictiveness.  Consequently, Defendant has failed to meet the first prong of Strickland in that he has failed to prove that counsel acted deficiently in failing to make the alleged objection when the Court's fifteen (15) year Florida State Prison sentence was not a vindictive sentence. Since Defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component.  See Downs v. State, 740 So. 2d 506, 518 n. 19 (Fla. 1999). As such, no relief is warranted upon ground 3.

(Dkt. 10, Ex. 1, Vol. I at 68-69).

An examination of the record convinces the Court that nothing the state trial judge said or did indicated any bias against the Petitioner or resulted in a vindictive sentence.  The sentence was not vindictive simply because at the pretrial hearing the court questioned Petitioner as to whether he understood that if he did not accept the State's offer of five years (which was to expire on that day), that a hearing would be set and there would be no further negotiations, and that he was facing the possibility of fifteen years in prison.

Moreover, a petitioner's challenge to the term of his sentence generally does not present a cognizable constitutional issue if the sentence falls within the applicable statutory range. *See White v. Keane*, 969 F.2d 1381, 1383 (2nd Cir. 1992). Petitioner's sentence was fifteen years imprisonment which did not exceed the statutory maximum sentence for the second degree felony.[4]

Simply put, Petitioner has not established that the trial court imposed a vindictive sentence or that he was prejudiced by trial counsel's failure to object to the trial court's sentence. Accordingly, this claim is denied pursuant to 28 U.S.C. § 2254(d).

**Ground Four**

Petitioner claims that counsel was ineffective at the revocation hearing for failing to object to the trial court improperly questioning a state witness regarding elements of the crime which the state failed to establish. Specifically, Petitioner asserts that the state called James Brett, Petitioner's probation officer, as a witness in order to establish that Petitioner violated the terms of his probation. Petitioner next alleges that the state failed to ask James Brett whether Petitioner was the person on probation, and whether he was the person who violated his probation. Petitioner argues that his attorney should have objected when the trial court asked James Brett whether he could identify Petitioner, and he argues that he was prejudiced by counsel's failure to object because it denied Petitioner the right to challenge the issue on direct appeal.

---

[4]*See* Section 775.082(3)(c), Florida Statutes (1999) which provides that a person may be punished for a felony of the second degree, by a term of imprisonment not exceeding 15 years.

Petitioner raised this claim in his state post-conviction motion, and the state court

denied it as follows:

> In ground 4, Defendant claims ineffective assistance of counsel
> due to counsel's failure to object and preserve for appellate review the
> Court's impermissible action as a prosecutor when the Court questioned
> a witness on a key element needed to sustain the violation of probation.
> Specifically, Defendant claims the Court impermissibly questioned the
> probation officer regarding the identity of Defendant as the person who
> was on probation. Defendant is referring to the following:

> COURT:        Is Mr. Cobb by the way can you identify him?

> BRETT:        Mr. Cobb is personally known to me.

> GEORGE:        Nothing further.

> COURT:        Let the record reflect he's identified the defendant.

(See May 13, 2003 Transcript, page 9, attached). Defendant claims that was
a key element and the State's burden to prove.

"A trial court may conduct probation revocation proceedings in an
informal manner and it may question witnesses, but it may not assume the role
of the prosecutor." Cagle v. State, 821 So. 2d 443, 444 (Fla. 2d DCA 2002);
See also Edwards v. State, 807 So. 2d 762, 763 (Fla. 2d DCA 2002). After
reviewing this portion of ground 4, the court file, and the record, the Court
finds that even if this Court finds that it assumed the role of the prosecutor in
asking State witness Mr. Brett to identify Defendant, a review of the record
reflects that during his direct examination, State witness Ronald Pressley
identified Defendant. (See May 13, 2003 Transcript, page 11, attached).
Consequently, Defendant has failed to meet the second prong of   Strickland
in that he has failed to prove how counsel's alleged failure to object and
preserve for appellate review the Court's alleged impermissible action as a
prosecutor resulted in prejudice when State witness Ronald Pressley identified
Defendant. Since Defendant has failed to meet the second prong of
Strickland, it is unnecessary to address the performance component.        See
Kennedy v. State. 547 So. 2d 912,914 (Fla. 1989). As such, no relief is
warranted upon this portion of ground 4.

19

Defendant further claims that counsel was ineffective for failing to argue that the Court's questioning of the witness did not properly identify Defendant. Defendant claims Mr. Brett never pointed to Defendant or described Defendant on the record. Consequently, Defendant claims that counsel's failure to object resulted in the error not being preserved for appellate review. Lastly, Defendant claims that but for counsel's errors, the violations would have been dismissed.

However, as previously discussed above, a review of the record reflects that during his direct examination, State witness Ronald Pressley properly identified Defendant. ( See May 13, 2003 Transcript, page 11, attached). After reviewing this portion of ground 4, the court file, and the record, the Court finds that Defendant has failed to meet the second prong of    Strickland in that he has failed to prove how counsel's alleged failure to make the alleged argument resulted in prejudice when State witness Ronald Pressley properly identified Defendant. Since Defendant has failed to meet the second prong of  Strickland , it is unnecessary to address the performance component.    See Kennedy v. State  , 547 So. 2d 912. 914 (Fla. 1989). As such, no relief is warranted upon this portion of ground 4.

(Dkt. 10, Ex. 1, Vol. I at 69-70).

The state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at the trial, nor was it "contrary to" clearly established precedent of the Supreme Court of the United States and did not involve an "unreasonable application" of such precedent. The state court's single question to James Brett regarding whether he could identify Petitioner did not cast the court in the role of a prosecutor, and there was no prejudice to Petitioner because Deputy Pressley identified Petitioner. Accordingly, Petitioner fails to show counsel was ineffective for failing to object to the court questioning James Brett regarding whether he could identify Petitioner.  Petitioner has not alleged any facts or presented any evidence to show that counsel was ineffective, and he is not entitled to habeas corpus relief on Ground Four.

**Ground Five**

Petitioner argues that he is being detained in violation of his Fourth and Fourteenth Amendment rights because the affidavit of violation of probation was not notarized by a person authorized to administer oaths.[5]  Petitioner raised this claim in his state Petition for Writ of Habeas Corpus (Dkt. 10, Ex. 10).   The state court denied the claim as follows:

> In his Petition, Petitioner contends that the Court lacked subject matter jurisdiction on his violation of probation because the affidavit was not properly sworn to as required by Fla. Stat. §§ 925.535 and 948.06(1). Petitioner cites to *Jackson v. State*, 881 So.2d 666 (Fla. 5[th] DCA 2004) in support of his argument that his sentence is illegal and that he should be released from prison immediately.

> The affidavits filed by the Department of Corrections contain the following statement: "Under penalties of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true." (    See affidavit, attached.) Although Petitioner is correct that *Jackson* held that such statement is not sufficient; in a case subsequent to *Jackson,* the same appellate court held that the use of such statements does not rise to the level of fundamental error and upheld sentences based on affidavits containing that language. See    *Smartmays* v. *State. 901 So. 2d 278, 279 - 280 (Fla. 5th DCA 2005)*.

(Dkt. 10, Ex. 11).

Initially, Petitioner's claim that he is entitled to relief because Florida requires that an affidavit of violation of probation be notarized by a person authorized to administer oaths does not present a federal constitutional question cognizable on habeas review. Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). "This limitation

---

[5]The affidavit of violation of probation was not notarized, but it was signed by Petitioner's probation officer and contained the following statement: "Under penalties of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true."  (Dkt. 10, Ex. 10 at "Exhibit B").

on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (per curiam); *Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir. 1984); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988). Petitioner has no recourse in this Court to challenge what he perceives to be a violation of state law.

Moreover, under Florida law, technical defects in the affidavit alleging violation of probation, such as not being sworn to before a person authorized to administer oaths, must be raised at or before trial in order to be cognizable on appeal. *Smartmays v. State*, 901 So. 2d 278, 280 (Fla. 5th DCA 2005). Petitioner does not allege, and the record does not show, that he objected to the affidavit of violation of probation (because it was not sworn to before a person authorized to administer oaths) before or at the revocation of probation hearing. Therefore, it would appear that under Florida law he was not entitled to relief as he did not preserve the issue.

Petitioner has failed to demonstrate that the state courts' decision on this claim is either contrary to, or an unreasonable application of, clearly established federal law. Petitioner has cited no federal law in support of his claim. Accordingly, this claim is denied pursuant to § 2254(d).

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.      The Petition for Writ of Habeas Corpus is **DENIED**  (Dkt. 1).

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 3, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
              Counsel of Record

23